that Claimant's injury was work-related and compensable.

Accordingly, the averments made in Provider's *mandamus* complaint that the issued NCP constitutes an admission of liability, and has yet to be terminated or modified, are clearly sufficient for Provider to survive the Department's preliminary objection in the nature of a demurrer. *County of Allegheny*, 490 A.2d at 408 (providing that if the facts as pleaded state a claim for which relief may be granted under any theory of law, then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected). First, the mere nonpayment of the bill constitutes neither a denial of liability nor dispute of a submitted bill. Further, Provider is clearly challenging the timeliness of the (non)payment, and nothing more; and, because the NCP constitutes a binding admission of liability, Provider is entitled to an administrative decision on the merits of its fee review petition. Thus, I would reverse the order of the Commonwealth Court, and remand this case for further proceedings. As the Majority holds otherwise, I respectfully dissent.

Justices TODD and McCAFFERY join the opinion.

**Jaime L. ECKROTH, Administratrix of the Estate of Dolores Leona Hammond, Deceased, Kimberly Ann Brantner, Administratrix of the Estate of Jordan Michael English, a Minor, Deceased, Ronald Depto and Debbie Depto, Co–Administrators of the Estate of Lindsey A. Depto, Deceased, and Ronald Depto and Debbie Depto in their Own Right, and Chelsey Hammond, a Minor, by her Parent and Natural Guardian, Timothy J. Hammond and Timothy J. Hammond in his Own Right, Respondents**

v.

**PENNSYLVANIA ELECTRIC, INC., a Corporation d/b/a Penelec, Petitioner**

v.

**David Gunther, John ("Jack") Sexton, Interactive Performance, Inc., and Outsourcing Solutions, Inc., Respondents.**

Supreme Court of Pennsylvania.

June 7, 2011.

### ORDER

PER CURIAM.

**AND NOW,** this 7th day of June, 2011, the Petition for Allowance of Appeal is **DENIED.** Further, OSI Outsourcing Solutions, Inc.'s Motion for Leave of Court to Supplement Respondent's Answer to Petition for Allowance of Appeal of Petitioner, Pennsylvania Electric, Inc., is **DENIED** as moot.